IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE |
| v. | ) | |
| | ) | |
| | ) | |
| 2020 DODGE CHARGER SCAT PACK | ) | |
| 4D SEDAN, VIN: 2C3CDXGJ6LH178508, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | **COMPLAINT IN FORFEITURE** |

NOW COMES Plaintiff United States of America, by David M. Toepfer, United States

Attorney for the Northern District of Ohio, and Henry F. DeBaggis, Assistant U.S. Attorney, and

files this Complaint in Forfeiture, in accordance with Supplemental Rule G(2) of the Federal

Rules of Civil Procedure.

## JURISDICTION AND INTRODUCTION

1.      This Court has subject matter jurisdiction over an action commenced by the

United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C.

Section 1355(a).  This Court also has jurisdiction over this particular action under 21 U.S.C.

Section 881(a)(4) and (6).

2. This Court has *in rem* jurisdiction over the defendant vehicle under: (i) 28 U.S.C. § 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this district and the defendant vehicle is found in this district.

3. Venue is proper in this district under: (i) 28 U.S.C. § 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and (ii) 28 U.S.C. § 1395 because the action accrued in this district and the defendant vehicle is found in this district.

4. This Court will have control over the defendant vehicle through service of an arrest warrant *in rem*, which the United States Marshals Service will execute upon the defendant vehicle. *See*, Supplemental Rule G(3)(b) and G(3)(c).

5. The defendant vehicle is a 2020 Dodge Charger SCAT Pack 4Door Sedan, dark blue in color, with a Vehicle Identification Number (VIN) of: 2C3CDXGJ6LH178508. The license plate number is: KTD1409 (OH) and the defendant vehicle is valued at $24,315.00 - with no current liens – and the vehicle is presently titled to AUSTIN TRENKAMP.

6. On or about February 3, 2026, in Lima, Ohio, the defendant vehicle was seized by the Federal Bureau of Investigation (FBI).

7. The defendant vehicle is now in the custody of the federal government.

8. The FBI commenced an administrative forfeiture proceeding against the defendant vehicle and a claim was submitted by AUSTIN TRENKAMP in the administrative forfeiture proceeding, thereby requiring the filing of this judicial forfeiture action.

9. The defendant vehicle is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(4) and (6) in that: (i) it was used to transport a controlled substance; and/or, (ii) it was used, in any manner, to facilitate the transportation, sale, receipt, possession, or concealment of a

controlled substance; and/or, (iii) it was purchased with proceeds traceable to the distribution of a controlled substance.

**FORFEITURE**

10. From approximately June 2013 to June 2024, AUSTIN TRENKAMP was convicted of multiple felony offenses, including Burglary, Possession of a Fentanyl Related Compound and Having Weapons While Under Disability.

11. In or around June 2024, TRENKAMP reported to local police that he was the victim of an aggravated burglary. While at TRENKAMP's residence investigating the reported crime, police investigators observed suspected Ecstasy, a digital scale with white residue, and a firearm, which was previously reported as stolen from the residence. Subsequently, investigators obtained a search warrant for TRENKAMP's residence. During execution of the search warrant, law enforcement seized suspected Fentanyl from a closet at the residence.

12. On or about August 30, 2025, TRENKAMP purchased the defendant 2020 Dodge Charger SCAT Pack 4Door Sedan, VIN: 2C3CDXGJ6LH178508, from Taylor Cadillac Inc. for $33,297.15. TRENKAMP paid the total purchase price plus taxes and fees to Taylor Cadillac Inc. with a $7,000.00 bank check, a personal check for $5,800.00, and $23,200.00 in U.S. Currency, for a total payment of $36,000.00. Prior to the Dodge Charger purchase, TRENKAMP last filed a State of Ohio income tax return for tax year 2023 in which he claimed his Federal Adjusted Gross Income in 2023 was $13,317.00.

13. In or around December 2025, a confidential informant (CI) purchased drugs, from an associate of TRENKAMP. The CI told law enforcement that he/she previously purchased cocaine from TRENKAMP's associate numerous times and that either TRENKAMP's associate, or TRENKAMP himself, would complete the drug transactions.

3

14.     On or about December 10, 2025, the CI arranged another controlled buy of cocaine from TRENKAMP's associate. After the associate told the CI that he/she needed to pick up the cocaine, the CI followed TRENKAMP's associate to TRENKAMP's residence. After the associate picked up the cocaine at the residence, the parties completed the transaction. The CI gave the purchased substance to law enforcement, and the substance field tested positive for cocaine.

15.     On or about December 17, 2025, the CI arranged another controlled purchase of cocaine from TRENKAMP's associate. Before this transaction, TRENKAMP's associate left TRENKAMP's residence, then approximately five minutes later, met with the CI and completed the transaction. The CI gave the purchased substance to law enforcement, and the substance field tested positive for cocaine.

16.     On or about January 8, 2026, TRENKAMP was observed by law enforcement leaving his residence in the defendant 2020 Dodge Charger and he drove to a residence on Mound Road. Law enforcement observed an unknown person leave the Mound Road residence, briefly meet with TRENKAMP at his vehicle, then return to the residence. Based on training and experience, law enforcement assessed this activity as indicative of drug trafficking.

17.     On or about February 3, 2026, law enforcement observed an individual arrive at TRENKAMP's residence and enter the residence through the front door. A short time later, the individual was observed walking out the front door, returning to their vehicle and driving away. Subsequently, this vehicle was stopped for a traffic violation and cocaine was found on the driver's person. The driver stated that he purchased the cocaine from TRENKAMP. The suspected cocaine was seized from the driver by law enforcement and the substance field tested positive for cocaine.

18. On or about February 3, 2026, law enforcement executed a state search warrant at TRENKAMP's residence and seized $285.00 in U.S. Currency, 22.1 grams of suspected cocaine, and a car title for the defendant 2020 Dodge Charger.

19. On or about February 3, 2026, TRENKAMP was stopped for a traffic violation while traveling with an associate. Law enforcement executed a search warrant and seized $515.00 in U.S. Currency, TRENKAMP's cell phone, the associate's cell phone, and the defendant 2020 Dodge Charger.

20. On or about February 3, 2026, TRENKAMP was interviewed by law enforcement. During the interview, TRENTKAMP admitted to selling cocaine and he stated that he sold cocaine to help pay his bills. TRENKAMP stated to law enforcement that he sold approximately 18 to 20 grams of cocaine every week or two.

## CONCLUSION

By reason of the foregoing, the defendant vehicle is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(4) and (6) in that: (i) it was used to transport a controlled substance (cocaine); and/or, (ii) it was used, in any manner, to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance (cocaine); and/or, (iii) it was purchased with proceeds traceable to the distribution of a controlled substance (cocaine).

WHEREFORE, Plaintiff United States of America respectfully requests that this Court enter judgment condemning the defendant vehicle and forfeiting it to the United States, and providing that the defendant vehicle be delivered into the custody of the United States for disposition according to law, and for such other relief as this Court may deem proper.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By: _____
Henry F. DeBaggis (OH: 0007561)
Assistant United States Attorney
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
216.622.3749 / Fax: 216.522.7499
Henry.DeBaggis@usdoj.gov

# VERIFICATION

STATE OF OHIO       )
                   ) SS.
COUNTY OF CUYAHOGA   )

     I, Henry F. DeBaggis, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

Henry F. DeBaggis
Assistant United States Attorney

Sworn to and subscribed in my presence on this _15th_ day of April, 2026.

Notary Public

DANIEL R. RANKE, Attorney At Law
Notary Public - State of Ohio
My commission has no expiration date.
Section 147.03 o. R. C.