**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>2020 DODGE CHARGER SCAT PACK 4D SEDAN,<br><br>Defendants. | CASE NO. 3:26-CV-00904-DAC<br><br>MAGISTRATE JUDGE DARRELL A. CLAY<br><br>**MEMORANDUM OPINION AND ORDER**<br>[ECF #13] |

## INTRODUCTION

This is a forfeiture action involving Defendant property described in the Complaint as a "2020 Dodge Charger SCAT Pack 4Door Sedan, dark blue in color, with a Vehicle Identification Number (VIN) of: 2C3CDXGJ6LH178508." (ECF #1 at PageID 2). The United States seeks forfeiture of the Defendant Vehicle pursuant to 21 U.S.C. §§ 881(a)(4) and (6) because "(i) it was used to transport a controlled substance (cocaine); and/or, (ii) it was used, in any manner, to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance (cocaine); and/or, (iii) it was purchased with proceeds traceable to the distribution of a controlled substance (cocaine)." (ECF #1 at PageID 5). Contemporaneous with the filing of the Complaint, the United States served a notice on Mr. Austin Trenkamp as a potential party-in-interest, advising Mr. Trenkamp of the need to file a verified claim within 35 days as provided for in Supplemental Rule G. (ECF #1-5 at PageID 13-14).

Mr. Trenkamp answered the Complaint on May 6, 2026. (ECF #6). On May 26, 2026, the parties consented to my exercising jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF #7 at PageID 42).

On May 29, 2026, Mr. Trenkamp filed his claim. (ECF #8). The claim indicated Mr. Trenkamp was the "sole owner of the Defendant Vehicle" and he "did not use any funds obtained through illegal activity to obtain" it. (*Id.*). The matter then proceeded to discovery pursuant to a Case Management Conference order I issued on June 16, 2026. (ECF #10).

On August 12, 2026, the United States filed its Motion for Summary Judgment. (ECF #13). Under Local Civil Rule 7.1(d), any memorandum in opposition to the United States' motion was due within 30 days of service of the filing of dispositive motion, *i.e.*, by September 11, 2026. Neither Mr. Trenkamp nor any other interested party opposed the United States' motion by that date. On October 12, 2026, Mr. Trenkamp filed a "Dismissal of Claim," indicating he "dismissed his claim Docket #8 regarding an ownership interest in the Defendant Vehicle, the 2020 Dodge Charger Scat Pack." (ECF #14 at PageID 94) (cleaned up).

## STANDARD FOR SUMMARY JUDGMENT

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that can affect the outcome of the case, and a dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Notably, the moving party carries the burden of showing there is no genuine issue of material fact, but the nonmoving party is not relieved of its burden of producing evidence that would support a jury verdict. *Id.* at 256. Likewise, "Rule 56(e) itself

provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of the pleading but must set forth specific facts showing that there is a genuine issue for trial." *Id.*; *see also* Fed. R. Civ. P. 56(e).

Summary judgment, though, is not to be equated with default judgment when a motion is unopposed. Even where the motion is unopposed, Rule 56 requires that a court determine when the moving party has established a right to relief as a matter of law and that no genuine issue of material fact exists before the court may enter summary judgment. *Donlin v. Watkins,* 814 F.2d 273, 277 (6th Cir. 1987); *Kendall v. Hoover Co.,* 751 F.2d 171, 173-74 (6th Cir. 1974).

## Discussion

Pursuant to 21 U.S.C. § 881(a), the government may seek forfeiture of the following properties:

> (1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter.
>
> (2) All raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance or listed chemical in violation of this subchapter.
>
> * * *
>
> (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9).
>
> * * *
>
> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable

> instruments, and securities used or intended to be used to facilitate any violation of this subchapter.
>
> * * *
>
> (9) All listed chemicals, all drug manufacturing equipment, all tableting machines, all encapsulating machines, and all gelatin capsules, which have been imported, exported, manufactured, possessed, distributed, dispensed, acquired, or intended to be distributed, dispensed, acquired, imported, or exported, in violation of this subchapter or subchapter II.

Initially, the United States must prove its entitlement to forfeiture by a preponderance of the evidence that the property is traceable to a drug offense. *See United States v. $174,206.00 in U.S. Currency*, 320 F.3d 658, 662 (6th Cir. 2003). If that initial showing is made, "the burden then shifts to the claimant to show by a preponderance of the evidence that the property is not subject to forfeiture." *United States v. One 1990* GMC *Jimmy VIN 1GKEV18K4LF504365*, 972 F.Supp. 1091, 1094 (E.D. Mich. 1997)

Under 21 U.S.C. § 881(a)(4), vehicles that "are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9)" are subject to forfeiture. 21 U.S.C. § 881(a)(4). Under this theory of forfeiture the government must establish there was a substantial connection between the property and the offense. *See* 18 U.S.C. § 983(c)(3); *United States v. Sum of $185,336.07 U.S. Currency Seized from Citizen's Bank Account XXXXXXXX*, 731 F.3d 189, 195-96 (2d Cir. 2013). "[I]n a subsection (a)(6) forfeiture proceeding, the government's burden is to establish a reasonable ground for belief, supported by more than mere suspicion, that there is a substantial connection between the seized money and an illegal drug transaction." *United States v. $67,220.00 in U.S. Currency*, 957 F.2d 280, 284 (6th Cir. 1992). "[T]he government can satisfy this burden by introducing undisputed evidence that the claimant lacks enough legitimate income to

explain the large amount of property seized when the claimant does not introduce any contrary evidence pointing to any other source of legitimate income or any evidence indicating innocent ownership." *United States v. $31,889.00 in United States Currency*, No. 23-6077, 2024 WL 4261713, at *2 (6th Cir. Sept. 17, 2024) (internal quotations omitted). "If the United States meets its burden, it will prevail unless a claimant introduces evidence to support his case." *United States v. Cunningham*, 520 F.App'x 413, 415 (6th Cir. 2013); *see also* 18 U.S.C. § 983(d)(1).

Finally, "[o]nce the time for filing claims has expired, the district court may enter default judgment against all potential claimants who did not file claims." *United States v. Real Property Located at 18555 Collins Avenue, United 2205 Sunny Isles Beach, Florida*, No. 19-24249-Civ, 2021 WL 6197936, at *2 (S.D. Fla. May 25, 2021) (citing, *inter alia*, *United States v. Real Property Known & Numbered as 2621 Bradford Drive, Middletown, Butler County, Ohio*, No. 1:07-cv-875, 2008 WL 630601, at *4 (S.D. Ohio March 7, 2008).

Here, the United States' Complaint, Mr. Trenkamp's Answer, and the documents attached to the United States' summary judgment motion more than sufficiently establish that the United States is entitled to forfeiture of the Defendant property as a vehicle used to transport and/or facilitate the sale of controlled substances pursuant to 21 U.S.C. § 881(a)(4). Because this is a sufficient basis to forfeit the vehicle, I decline to reach the question of its forfeitability as proceeds traceable to a drug exchange pursuant to 21 U.S.C. § 881(a)(6).

The United States established that Mr. Trenkamp purchased the Defendant Vehicle in August 2025 at a cost of more than $33,000. (ECF #1 at PageID 3; ECF #4 at PageID 31). To tender the required funds, he used a combination of a bank check, a personal check, and more than $23,000 in U.S. currency. (ECF #1 at PageID 3; ECF #4 at PageID 31). But in 2023 and

2024, Mr. Trenkamp's total adjusted gross income was just over $15,000. (ECF #13-5 at PageID 86). As such, the United States has proven that for at least two years prior to Mr. Trenkamp's purchase of this vehicle, he did not have reported income sufficient to show a lawful source of funds for the August 2025 purchase.

The United States also proved that in June 2026, Mr. Trenkamp pled guilty in the Allen County (OH) Court of Common Pleas to Possession of Cocaine in violation of Ohio Rev. Code §§ 2925.11(A) & (C)(4)(d). (ECF #13-3 at PageID 75). The conduct underlying that charge occurred on February 3, 2026. (ECF #13-2 at PageID 71; ECF #13-4 at PageID 77). The United States also submitted evidence showing that Mr. Trenkamp was engaged in illegal narcotic sales dating back to at least 2022. (ECF #13-1 at PageID 66). In fact, in an interview with law enforcement following his February 2026 arrest, Mr. Trenkamp reportedly admitted "that he sold approximately 18 to 20 grams of cocaine every week or two" and that he sold cocaine "to help pay his bills." (ECF #13-1 at PageID 69). For at least one such transaction, Mr. Trenkamp traveled to and from his residence in the Defendant Vehicle. (ECF #13-1 at PageID 68).

From this, I conclude the United States proved by a preponderance of the evidence that there was a substantial connection between the Defendant Vehicle and Mr. Trenkamp's illegal sale of cocaine that ultimately led to his conviction. This satisfies the requirements of 21 U.S.C. § 881(a)(4). There being no other claimants to the Defendant Vehicle (and the time having lapsed for other claimants to come forward), I conclude the United States is entitled to judgment in its favor, forfeiting the Defendant Vehicle to it.

## CONCLUSION

After review of the record and the law, I hereby **GRANT** the United States' motion for summary judgment and render judgment in its favor that it its entitled to forfeiture of a 2020 Dodge Charger SCAT Pack 4Door Sedan, dark blue in color, with a Vehicle Identification Number (VIN) of: 2C3CDXGJ6LH178508 pursuant to 21 U.S.C. § 881(a)(4). The Clerk of Court is directed to close this matter on the Court's docket.

Dated: October 13, 2026

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE